## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Tyree Cleary,

                 Petitioner,       Case No. 16-cv-12641

v.                               Judith E. Levy
                                    United States District Judge

Steven Rivard,

                                 Mag. Judge R. Steven Whalen
                 Respondent.

_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

Tyree Kelly Cleary ("Petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his sentence on his convictions for unlawful imprisonment, Mich. Comp. Laws § 750.349b, carrying a concealed weapon, Mich. Comp. Laws § 750.227, first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and felony firearm, Mich. Comp. Laws § 750.227b. For the reasons set for the below, the petition is summarily denied.

1

## I. Background

Petitioner pleaded guilty in the Jackson County Circuit Court to offenses set forth above. He was sentenced to eight to twenty-two years in prison on the unlawful imprisonment conviction, three to seven years on the carrying a concealed weapons conviction, fourteen to thirty years on the home invasion conviction, and two years on the felony-firearm conviction.[1]

Petitioner's conviction was affirmed on appeal. *People v. Cleary*, No. 322089 (Mich. Ct. App. Sept. 16, 2014); *People v. Cleary*, 497 Mich. 1012, 1012 (2015).

Petitioner seeks a writ of habeas corpus on the following grounds:

1. The trial court erred in considering conduct that occurred after completion of the guideline offense and conduct from dismissed charges in assessing offense variable points. The sentencing guidelines must be corrected and the defendant resentenced.

2. The trial court, Court of Appeals, and Michigan Supreme Court erred in their holding in considering conduct that occurred after completion of the guideline

---

[1] Petitioner indicates he was sentenced to sixteen to thirty years in prison without specifying what charges the sentences were for. This Court obtained the information on the sentences for each charge from the Michigan Department of Corrections' Offender Tracking Information System, of which this Court is permitted to take judicial notice. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

> offense and conduct from dismissed charges in
> assessing offense variable points. A defendant is
> entitled as a matter of due process to be sentenced on
> the basis of accurate information. U.S. CONST., amend.
> XIV; MICH. CONST. 1963, art. 1, § 17. The sentencing
> guidelines must be corrected and the defendant
> resentenced.

(Dkt. 1 at 3-5.)

## II. Analysis

Petitioner claims that the trial court incorrectly scored Offense Variable 4 of the Michigan Sentencing Guidelines and that the Michigan appellate courts erred in upholding his sentence.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Any habeas petition that appears legally insufficient on its face may be dismissed. *McFarland v. Scott,* 512 U.S. 849, 856 (1994); *see Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999) (a habeas corpus petition may be summarily dismissed if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief).

Thus, "a show cause order [to the respondent]" should not issue "until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). The district court must screen any habeas petition, and a response is unnecessary when the petition is frivolous, obviously lacks merit, or the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.* at 141. For the reasons set forth below, Petitioner is not entitled to habeas relief on her sentencing claims, and the petition is summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

Petitioner is not entitled to habeas relief on his sentencing claim. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004). State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Claims that arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the petitioner can show that the sentence exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). Thus, a sentence within the statutory limits or

otherwise authorized by law is not subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Errors in the application of state sentencing guidelines, such as those challenged by Petitioner, cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Such errors, alone, do not violate federal due process rights. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000). Thus, the Court summarily denies the petition for writ of habeas corpus with prejudice.

A certificate of appealability is denied, because Petitioner fails to make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

Leave to appeal *in forma pauperis* is also denied. An appeal would not be taken in good faith, because any such appeal would be

frivolous. 28 U.S.C. § 1915(a)(3) (a court may grant *in forma pauperis* status if the court finds that an appeal would be taken in good faith); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) ("The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which requires showing that the appeal is not frivolous.") (citing *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997)).

Accordingly, the petition for writ of habeas corpus (Dkt. 1) is DENIED WITH PREJUDICE, a Certificate of Appealability is DENIED, and leave to appeal *in forma pauperis* is DENIED.

IT IS SO ORDERED.

Dated: July 31, 2017          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2017.

                             s/Shawna Burns
                             SHAWNA BURNS
                             Case Manager